EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
STEPHEN A. CAZARES (Cal. Bar No. 201864)
LAWRENCE E. KOLE (Cal. Bar No. 141582)
JENNIFER L. WAIER (Cal. Bar No. 209813)
IVY A. WANG (Cal. Bar No. 224899)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3594
    Facsimile: (714) 338-3564
    E-mail:    larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES V. MAZZO, DOUGLAS V. DeCINCES, and DAVID PARKER,<br><br>    Defendants. | Case No. SA CR 12-269(B)-AG<br><br>STIPULATION OF FACTS FOR TRIAL<br><br>Trial Date: March 7, 2017 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California; defendant James V. Mazzo, by and through his counsel of record, Richard Marmaro of Skadden, Arps, Slate, Meagher & Flom, LLP; Douglas V. DeCinces, by and through his counsel of record, Kenneth Julian of Manatt, Phelps & Phillips, LLP; and defendant David Parker, by and through his counsel of record, Jeff Tatch, hereby stipulate that the following facts shall be accepted as true during the trial of the above-entitled matter:

318344260.1

1. Yodigity Ventures, LLC ("Yodigity") was a corporation formed in 2008 to operate frozen yogurt stores. Seung Ran Kim, defendant David Parker's ("Parker") son's mother-in-law, and investor L. Randall Harris made capital contributions to Yodigity in Yodigity's bank account at Zions Bank (Account No. XXXXX8395) ("Yodigity bank account"). Parker was a manager of Yodigity, represented his families' majority investment therein, and controlled the Yodigity bank account.

2. The Yodigity Operating Agreement provided authority to managers to invest, borrow against, lend, or hedge Yodigity funds for the benefit of the company.

3. On or about January 8, 2009, Parker wired $100,000 from the Yodigity bank account, which constituted Yodigity's investor funds, into his Merrill Lynch brokerage account (XXXX2824).

4. On or about January 6, 2009, using his own funds, Parker purchased 15,000 shares of Advanced Medical Optics' ("EYE") stock for $111,747 in his Merrill Lynch brokerage account (XXXX2824). On January 8, 2009, using the funds transferred from Yodigity, Parker bought an additional 10,000 shares of EYE stock in his Merrill Lynch brokerage account (XXXX2824) for $81,774.

5. On or about January 20, 2009, Parker transferred $212,500 from his Merrill Lynch brokerage account (XXXX2824) to another Merrill Lynch brokerage account (XXXX2150) that he controlled. From that account, Parker wrote Check No. 269 in the amount of $212,500 payable to Yodigity and deposited that check in the Yodigity bank account.[1]

---

[1] **NOT TO BE READ TO THE JURY:**                          *(footnote cont'd on next page)*

1     IT IS SO STIPULATED.

2 Dated: March 7, 2017.

                                   EILEEN M. DECKER
                                   United States Attorney
                                   DENNISE D. WILLETT
                                   Assistant United States Attorney
                                   Chief, Santa Ana Branch Office

                                                /S/
                                   _____
                                   LAWRENCE E. KOLE
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   United States of America

Dated: March 7, 2017.

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP

                                               /S/*
                                   _____
                                   RICHARD MARMARO

                                   *pursuant to 3/8/17 email
                                   authorization

                                   Attorney for Defendant
                                   James V. Mazzo

---

    The defense enters into this stipulation on the condition that: (1) the government will not offer any additional evidence on the stipulated Yodigity facts, and the government will not call the Kims or Harris as witnesses; and (2) the government will not argue that Parker "defrauded" or "cheated" the other owners of Yodigity, or words to that effect.

    The defense further enters into this stipulation on the condition that the government will not argue that: (1) Mr. Harris and/or the Kims were not aware that defendant Parker was using their investor funds to purchase EYE securities and (2) Mr. Harris or the Kims did not authorize the use of their investor funds to purchase EYE securities.

    The government enters into this stipulation on the condition that the defense will not argue that: (1) Mr. Harris and/or the Kims were aware that defendant Parker was using their investor funds to purchase EYE securities and (2) Mr. Harris or the Kims authorized the use of their investor funds to purchase EYE securities.

3

318344260.1

| | | |
|---|---|---|
| 1 | Dated: March 7, 2017. | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | /S/* |
| 3 | | KENNETH B. JULIAN |
| 4 | | *pursuant to 3/8/17 email authorization |
| 5 | | Attorney for Defendant Douglas V. DeCinces |
| 6 | Dated: March 7, 2017. | |
| 7 | | /S/* |
| 8 | | JEFF TATCH |
| 9 | | *pursuant to 3/8/17 email authorization |
| 10 | | Attorney for Defendant David Parker |

4

318344260.1