RICHARD MARMARO (Bar No. 091387)
richard.marmaro@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Fax:             (213) 687-5600

CLIFFORD M. SLOAN (pro hac vice)
cliff.sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  (202) 371-7000
Facsimile:   (202) 393-5760

Attorneys for Defendant James V. Mazzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES V. MAZZO, DOUGLAS V. DECINCES, AND DAVID L. PARKER,<br><br>Defendants. | CASE NO. 8:12-cr-00269(B)-AG<br><br>**OBJECTION OF JAMES V. MAZZO TO GOVERNMENT'S PROPOSED EXHIBIT 82 (FOGARTY EMAIL)**<br><br>Hon. Andrew J. Guilford<br>Courtroom:      10D<br>Trial Date:      March 7, 2017 |

1    Defendant James V. Mazzo hereby submits his Objection to the admission at

2 trial of the Government's Proposed Exhibit 82.

3    This motion is supported by the attached memorandum, the files and records in this

4 case, and any evidence or argument presented at a hearing on this matter.

5

6 DATED:  March 14, 2017                    Respectfully submitted,

7                                           SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP

8                                           Richard Marmaro

9                                           Clifford M. Sloan

10                                          By:  ____/s/Richard Marmaro___

11                                                Richard Marmaro

12                                          *Attorneys for James V. Mazzo*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          i

28

## 1.0    Introduction

The government seeks to introduce its Exhibit 82 (the "Fogarty email"), which it identifies as an email to Mr. Mazzo from Brian Fogarty, an associate director of athletics at the University of San Diego, sent January 12, 2009, at 12:12 p.m. Pacific Time.  The email, sent **after** the announcement of the Abbott acquisition, states that Mr. Mazzo mentioned "something big was going to be announced this week."[1]  Mr. Fogarty has no recollection of such a conversation.  He does not remember what was said, by whom, when it was said, or even what the context was.  He clearly recalls that Mr. Mazzo never mentioned a potential acquisition by Abbott, or any other confidential details of his work at AMO.  In the email, Mr. Fogarty also stated, "Ky said you are happy about it.  I hope so."  Mr. Mazzo's reply to the email, sent the same day at 3:50 p.m. Pacific Time, read, "It great news for amo and myself I am staying on as president of amo and svp of abbott all great news thx."

The Fogarty email is inadmissible hearsay.  The relevant statement "[y]ou told me something big was going to be announced this week" is a declarant's out-of-court statement offered to prove the truth of the matter asserted.  See Fed. R. Evid. 801(c); e.g., Flow Control Indus. Inc. v. AMHI Inc., 278 F. Supp. 2d 1193, 1197 (W.D. Wash. 2003) (email inadmissible to show supplier made "the statement reported by the author of the e-mail").

The Court should rule the evidence inadmissible as hearsay or, at a minimum, conduct a preliminary hearing to evaluate its admissibility.

## 2.0    The Email, Which Is Neither Accurate Nor Contemporaneous, Is Not a Past Recorded Recollection

---

[1] In his statements to the FBI, Mr. Fogarty remembered the purported comment as "something good."

1

Under Rule 803(5), a record may be read into evidence – but not received as an exhibit – if the record "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness **when the matter was fresh in the witness's memory**; and (C) **accurately** reflects the witness's knowledge."  Fed. R. Evid. 803(5) (emphases added);  see, e.g., United States v. Felix-Jerez, 667 F.2d 1297, 1300 (9th Cir. 1982). Courts may consider "all pertinent aspects" of the record "including the lapse of time which reasonably and properly bear upon the likelihood of the statement being an accurate recordation" of the matter at issue.  See United States v. Patterson, 678 F.2d 774, 779 (9th Cir. 1982) (quoting United States v. Senak, 527 F.2d 129, 141 (7th Cir. 1975)).   Courts have repeatedly rejected the admission of evidence under this exception when the record is not signed or sworn by the declarant and does not contain his statements verbatim.  See, e.g., United States v. Benson, 961 F.2d 707, 709 (8th Cir. 1992) (Rule 803(5) did not allow admission of interview reports with defendant that were unsigned and unsworn by him and "not reported verbatim.").

The Fogarty email may not be read into evidence under Rule 803(5).  Even if the government could establish the other elements of the exception, the statement attributed to Mr. Mazzo by Mr. Fogarty in the email was not "made or adopted by the witness when the matter was fresh in the witness's memory," as required by Rule 803(5)(B).  There is no indication from the email when Mr. Fogarty supposedly spoke with Mr. Mazzo; in fact, Mr. Fogarty testified that the conversation had taken place "probably a week or so" before he sent the email, but that was only surmise based on the content of the email.  (Sloan Decl., Ex. A, Fogarty SEC Tr., 36:17-22, Feb. 9, 2011.)  The summary statement is neither specific nor detailed.  It is unsigned, unsworn, and does not purport to be a verbatim recordation of any conversation.  See

2

Benson, 961 F.2d at 709.  Perhaps most significantly, the email's hearsay statement that Mr. Mazzo told Mr. Fogarty that "something big was going to be announced this week" came **_after_** a major announcement had been made, which may well have colored Mr. Fogarty's recollection, as revealed in his email.  **After-the-fact reconstructions of conversations for which there is no contemporaneous record are particularly unreliable.**  See Brewer v. Bd. of Trs. of Univ. of Ill., 479 F.3d 908, 911 n.2 (7th Cir. 2007) (noting possible embedded hearsay problem, not raised by the parties, where "[t]he narrative was reconstructed after the fact using notes and emails, and entries were not necessarily written contemporaneously with the events they reported").  These circumstances also undermine any assertion that the email "accurately reflects the witness's knowledge." Fed. R. Evid. 805(3).

## 3.0    The Email Is Not a Business Record

Under Rule 803(6), a record may be admitted if (A) the record was made or transmitted by someone with knowledge **_"at or near the time"_** of the event recorded, (B) "the record was kept **in the course of a regularly conducted activity**" of the business, and (C) "making the record was **a regular practice of that activity**." Fed. R. Evid. 803(6) (emphases added).  As the Ninth Circuit has explained, "[t]he basis for the business record exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities." Clark v. City of Los Angeles, 650 F.2d 1033, 1037 (9th Cir. 1981).  Thus, for the exception to apply, the record "must be made pursuant to established company procedures for the systematic or routine and timely making and preserving of company records, and relied upon by the business in the performance of its functions." Id. (internal quotation marks and citation omitted).

1  The Fogarty email is not admissible as a business record. Even if the

2  government could establish that Mr. Fogarty sent the email "at or near the time" of

3  his supposed conversation with Mr. Mazzo – and there is no reason to believe it can

4  do so – the email is not a record made as "a regular practice" of a regularly

5  conducted business activity. Fed. R. Evid. 803(6).

6  To the extent the government argues that the email is admissible as a business

7  record because it related to Mr. Fogarty's employment as a fundraiser – in effect,

8  that <u>any</u> work-related email necessarily falls under Rule 803(6) – this overly broad

9  interpretation has long been rejected by the Ninth Circuit. <u>See</u> <u>Monotype Corp. PLC</u>

10  <u>v. Int'l Typeface</u>, 43 F.3d 443, 450 (9th Cir. 1994) (email between employee and

11  supervisor not admissible because "[e]-mail is far less of a systematic business

12  activity than a monthly inventory printout."); <u>accord</u> <u>United States v. Cone</u>, 714 F.3d

13  197, 220 (4th Cir. 2013) ("it would be insufficient to survive a hearsay challenge

14  simply to say that since a business keeps and receives e-mails, then ergo all those e-

15  mails are business records falling within the ambit of Rule 803(6)(B)"). Thus, the

16  Fogarty email is not admissible as a business record.

17  **4.0   The Email Is Not an Adoptive Admission Because Mr. Mazzo Did Not**
18  **Adopt the Relevant Statement or Manifest That It Was True**

19  The government may argue that the Fogarty email is admissible as an adoptive

20  admission under Rule 801(d)(2)(B). But Mr. Mazzo did not adopt Mr. Fogarty's

21  statement and the email is not admissible under that Rule.

22  A statement does not constitute hearsay if it is one that an opposing party

23  "manifested that it adopted or believed to be true." Fed. R. Evid. 802(d)(2)(B). The

24  party offering the evidence must introduce sufficient foundational facts to allow a

25  jury to reasonably conclude that the party against whom it is offered actually adopted

26

27  4

28

1  the statement.  <u>See, e.g.</u>, <u>United States v. Sanchez-Soto</u>, 617 F. App'x 695, 697 (9th

2  Cir. 2015).

3      Claims that a party adopted an admission by silence must be scrutinized

4  carefully, especially in criminal cases.  <u>See</u> Fed. R. Evid. 802(d)(2)(B) advisory

5  committee notes.  The government must make an adequate preliminary showing that

6  "the defendant did actually hear, understand and accede to the statement."  <u>United</u>

7  <u>States v. Monks</u>, 774 F.2d 945, 950 (9th Cir. 1985).  In particular, the district court

8  "must determine, as a preliminary question, whether under the circumstances an

9  innocent defendant would normally be induced to respond."  <u>United States v. Sears</u>,

10  663 F.2d 896, 904 (9th Cir. 1981).  The Ninth Circuit has found this standard to be

11  met only in circumstances where the statement at issue was a direct confession to

12  crimes just committed.  <u>See</u> <u>Monks</u>, 774 F.2d at 950 (9th Cir. 1985) (finding no

13  abuse of discretion in admitting evidence that defendant was silent when co-

14  defendant told a third party they had just robbed a bank).  A district court abuses its

15  discretion if it admits evidence under Rule 801(d)(2)(B) based on an ambiguous

16  statement by a defendant.  <u>See, e.g.</u>, <u>Sanchez-Soto</u>, 617 F. App'x at 696-97

17  (defendant's response – "Oh, okay.  Well, so . . ." – was "plainly insufficient" to

18  establish adoption of statement preceding it, since it "could have just as readily

19  indicated his mere acknowledgment that he heard the statement").

20      Here, Mr. Mazzo's response to the Fogarty email did not manifest **in any way**

21  adoption of Mr. Fogarty's "something big" statement.  Mr. Mazzo did not comment

22  on that statement or forward the email to anyone.  All he did was send a brief, polite

23  reply to Mr. Fogarty's congratulatory email.  At most, Mr. Mazzo's reply – that the

24  buyout of AMO was great news and that he would be staying on – related only to

25

26

27

28

5

1  another (double hearsay) statement in the email, that "Ky said you are happy about"
2  the publicly announced buyout.

3      Mr. Mazzo's reply does not even indicate that he carefully read the body of Mr.
4  Fogarty's email before responding.  If he did, Mr. Mazzo's non-response to Mr.
5  Fogarty's "something big" comment is entirely consistent with his simply not
6  understanding what Mr. Fogarty was referring to, or believing that he was referring
7  to some other statement, or believing that Mr. Fogarty misunderstood or
8  misremembered something that Mr. Mazzo had said but deciding it would be
9  unnecessary, odd, and/or impolite to correct that innocent misimpression in replying
10 to Mr. Fogarty's brief congratulatory note.  As a result, Mr. Mazzo did not adopt the
11 statement as his own.

12 **5.0   Conclusion**

13     For the foregoing reasons, Mr. Mazzo respectfully submits that the Court should
14 exclude the Fogarty email at trial or, if it is not satisfied at this time that exclusion is
15 required, hold a preliminary hearing regarding admissibility outside the presence of the
16 jury.

17

18 DATED:  March 14, 2017        Respectfully submitted,
19         SKADDEN, ARPS, SLATE,
           MEAGHER & FLOM LLP
20         Richard Marmaro
21         Clifford M. Sloan

22         By:  ____/s/Richard Marmaro____
23            Richard Marmaro

24         *Attorneys for James V. Mazzo*

25

26

27 6

28

---