## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | SACR 12-00269 AG | | Date | May 18, 2017 |
|---|---|---|---|---|

| Present: The Honorable | Andrew J. Guilford, U.S. District Judge |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Douglas V. DeCinces | NOT | | X | 1. Kenneth Julian et al. | NOT | | X |
| 2. David Parker | NOT | | X | 2. George Brunt et al. | NOT | | X |
| 3. James V. Mazzo | NOT | | X | 3. Richard Marmaro et al. | NOT | | X |

**Proceedings:**     **[IN CHAMBERS] ORDER**

Our Courtroom Deputy has been called by many jurors with many upset that they have been contacted by a private investigator about this case. They have reported that an investigator referencing an F.B.I. background has been leaving messages with neighbors that, without further explanation, leaves suspicious impressions.  It has also been reported that very serious charges of juror misconduct have been suggested by an investigator. The Court would never tell former jurors not to talk to people about their case, but some may choose not to do so. The Court has concluded that at various times in this case, our very diligent jury has not been respected by the participants in the trial as they should be. Please respect the needs and feelings of our former jurors. Please comply with Federal Rule of Evidence 606(b) which states:

(b) DURING AN INQUIRY INTO THE VALIDITY OF A VERDICT OR INDICTMENT.
     (1) *Prohibited Testimony or Other Evidence.* During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
     (2) *Exceptions.* A juror may testify about whether:
          (A) extraneous prejudicial information was improperly brought to the jury's attention;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(B) an outside influence was improperly brought to bear on any juror; or
(C) a mistake was made in entering the verdict on the verdict form.

                                                                                : 0

Initials of Deputy Clerk    lmb