SANDRA R. BROWN
Acting United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
STEPHEN A. CAZARES (Cal. Bar No. 201864)
LAWRENCE E. KOLE (Cal. Bar No. 141582)
JENNIFER L. WAIER (Cal. Bar No. 209813)
IVY A. WANG (Cal. Bar No. 224899)
Assistant United States Attorneys
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3594
     Facsimile: (714) 338-3564
     E-mail:    larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>JAMES V. MAZZO, DOUGLAS V. DeCINCES, and DAVID PARKER,<br><br>            Defendants. | Case No. SA CR 12-269(B)-AG<br><br>GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RENEWED MOTIONS FOR JUDGMENT OF ACQUITTAL UNDER RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

    Plaintiff United States of America hereby submits the Government's Consolidated Opposition to Defendants' Renewed Motions for Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure ("Government's Opposition").  The Government's Opposition is based on the attached memorandum of points and

//

//

//

//

1 | authorities and any argument the Court may adduce at any hearing on
2 | this matter.
3 | Dated:   July 3, 2017.

SANDRA R. BROWN
Acting United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office


　　/s/ Stephen A. Cazares
STEPHEN A. CAZARES
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants James Mazzo ("Mazzo"), Douglas DeCinces ("DeCinces"), and David Parker ("Parker") each renew their motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The majority of the claims in the renewed motions reiterate arguments previously rejected by this Court.  To that end, rather than repeat the facts and argument submitted in its original fifty-five page opposition, the government respectfully incorporates by reference into this opposition the Governments Opposition to Defendants' Motions for Judgment of Acquittal Under Rule 29 of the Federal Rules of Criminal Procedure filed on April 6, 2017.  (Docket No. 546). The government also incorporates by reference oppositions to motions to limit applicability of testimony, Docket Nos. 499, 512, and motion to dismiss on statute of limitations grounds, Docket No. 469.

Mazzo principally renews arguments contained in his original motion for acquittal and other motions rejected by this Court. Nothing raised by Mazzo in his renewed motion alters the analysis under Rule 29.

DeCinces principally reiterates prior arguments with the new addition that the testimony of Mazzo and Richard Pickup ("Pickup") establish that DeCinces traded upon something other than a tip by Mazzo.  DeCinces's new argument would require this court to weigh contradictory evidence and make credibility determinations impermissible under Rule 29 and should be rejected.

Lastly, Parker presents the exact same claims previously rejected by this Court.

For the reasons above, as set forth more fully below, this Court should deny defendants' renewed motions for judgment of acquittal.

## II. ARGUMENT

### A. DeCinces Impermissibly Asks This Court to Make Credibility Determinations and Resolve Evidentiary Conflicts In His Favor

DeCinces summarizes facts and argues again that the evidence admitted in the government's case-in-chief demonstrated alternative bases for his trading and warrants acquittal. DeCinces Brief 3-7, 9-17. Arguments about burden of proof, evidence of whether Mazzo tipped DeCinces, alternative bases for trading such as analyst reports, whether DeCinces knew the information he received was nonpublic, lack of willfulness, and that the information he shared with Donohue was in the public record, are all arguments raised previously and rejected by this Court.

The only new issue raised in DeCinces's renewed motion relates to the testimony by Mazzo denying the tip or any disclosure to DeCinces, and the Pickup testimony that discusses Pickup's views on AMO and other unrelated companies that may have triggered DeCinces's trading. DeCinces Brief 7-9. In DeCinces's view, the Mazzo and Pickup testimony contradict the government's theory of the case that was accepted by the jury as to the Rule 14e-3 counts, that is, that DeCinces received material nonpublic information about the Abbott tender offer from Mazzo, and therefore supports acquittal. DeCinces Brief 22-24. This argument by DeCinces, however, asks this Court to make impermissible factual determinations in the context of Rule 29. For this reason, DeCinces's renewed motion for acquittal should be denied.

It is well established that, in considering a motion for acquittal under Rule 29, district courts "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." United States v. Ramos, 558 F.2d 545, 546 (9th Cir. 1977); see also United States v. Alzate-Restrepo, 890 F.2d 1061, 1064 (9th Cir. 1989) ("We must also assume that the [trier of fact] resolved all evidentiary conflicts in favor of the judgment."). Even when "faced with a record of historical facts that supports conflicting inferences," this court "must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution." Jackson v. Virginia, 443 U.S. 307, 326 (1979); accord United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201 (9th Cir. 2000) ("[A]ll reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict.").

For these reasons, whether the testimony of Mazzo and Pickup provide a plausible innocent explanation for DeCinces's trading is irrelevant for purposes of a motion for acquittal because, in order to set aside the jury's verdict, the Court would have to resolve the contradictions raised by this evidence in favor of defendant, which is contrary to the well-established law set forth above.

Accordingly, this Court should deny DeCinces's latest motion for acquittal.

3

**B. Mazzo Raises Nothing New other than his Own Self-Serving Testimony and a Dismissed Appeal in United States v. Gentile**

In his renewed motion for acquittal, Mazzo raises three issues all previously argued and rejected by this Court: (1) claims of insufficient evidence of his fraudulent intent; (2) inapplicability of testimony by Joseph Donohue and Marco Fragnito as to him; and (3) a district court's decision, based on Third Circuit precedent that conflicts with Ninth Circuit law, that the statute of limitations for securities fraud is five-years rather than the six-years set forth in 18 U.S.C. § 3301. Mazzo Brief 1-2. Each of these arguments was previously considered and rejected by this Court.

The only new issues contained in Mazzo's renewed motion consist of his own self-serving exculpatory testimony, and the fact that the prosecutors in United States v. Gentile dismissed the government's appeal of the district court's ruling that the six-year limitations period under 18 U.S.C. § 3301 was inapplicable in that case. Mazzo Brief 7-9, 16. Neither fact alters this Court's previous analysis in rejecting Mazzo's prior motions for acquittal.

First, as set forth above in response to DeCinces's renewed claims, Mazzo's self-serving testimony that contradicts evidence supporting the government theory that he tipped DeCinces on three occasions, which theory was accepted by the jury, is irrelevant for purposes of Rule 29 because all evidentiary conflicts must be resolved in support of the verdict reached by the trial jury. See e.g., Alvarez-Valenzuela, 231 F.3d at 1201.

Second, the fact that the government in United States v. Gentile dismissed an appeal of the district court's order in that case is of no consequence. This is because the Gentile court followed Third

4

Circuit precedent that is directly inconsistent with established Ninth Circuit law which instructs that § 3301 is applicable to pre-enactment conduct such as the offenses in this case.  <u>See</u> Opposition to Defendant Mazzo's Motion for Reconsideration of Motion to Dismiss Second Superseding Indictment as Time-Barred, Docket No. 469.

For all of these reasons, this Court should deny Mazzo's renewed motion for acquittal.

### C. Parker Raises No New Issues

Parker raises no new issues in his renewed motion for acquittal. As such, this Court should deny Parker's renewed motion for acquittal for the same reasons that his arguments were previously rejected.

## III. CONCLUSION

For the foregoing reasons, this Court should deny each of defendants' renewed motions for judgment of acquittal.

5