## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACR 12-00269(B) AG | Date | July 25, 2017 |

Present: The Honorable  Andrew J. Guilford, U.S. District Judge

Interpreter

| Lisa Bredahl | Not Present | Ivy A. Wang et al. (Not Present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Douglas V. DeCinces | NOT | | X | 1. Kenneth Julian et al. | NOT | | X |
| 2. David Parker | NOT | | X | 2. George Brunt et al. | NOT | | X |
| 3. James V. Mazzo | NOT | | X | 3. Richard Marmaro et al. | NOT | | X |

Proceedings:     **[IN CHAMBERS] ORDER REGARDING POST-TRIAL MOTIONS, SCHEDULING MATTERS, AND ORDER OF PROCEEDINGS**

Defendants Douglas DeCinces, James Mazzo, and David Parker have filed a litany of post-trial motions that have prompted numerous other filings—joinders, *ex parte* applications, oppositions, declarations, replies, sur-replies, objections, and other related documents. After thoroughly reviewing the voluminous post-trial briefing in this case and conducting an extensive discussion at oral argument, the Court concludes that Defendants' various arguments are insufficient to justify a judgment of acquittal, to order a new trial, or to set aside this diligent jury's verdict. For example, as appears in the lead headline of this morning's *Daily Journal*, counsel for Defendant DeCinces said that a "juror's lie hurt . . . [the] outcome" of this trial. Although this Court was fully willing to consider any allegations of misconduct, counsel's assertions and supporting declaration simply weren't conclusive and didn't establish that a juror, in fact, lied in district court, or that the suggested remedy was proper. For the reasons given from the bench, among others, the Court DENIES all pending post-trial motions. (Dkt. Nos. 613, 614, 618, 619, 621, 622, 623, 628, 674.)

There are other matters that require this Court's attention.

*Trial Date.*  After extensive scheduling discussions with counsel regarding trial, this Court set a special start date to accommodate the schedule of Attorney Richard Marmaro. (Dkt. No. 636.) The parties have started

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

preparing for trial and serving subpoenas, relying, at least in part, on this Court's previous scheduling order. Further, the Court has sent out hundreds of jury summonses for the September 19, 2017 trial date, and has asked magistrate judges to assist with jury selection. But at the hearing regarding Defendants' post-trial motions, over a month after the trial date was set, the Court was disappointed to hear for the first time that Richard Marmaro now has other scheduling conflicts. These new issues present further difficulties, but the Court will endeavor to accommodate counsel for all sides. Accordingly, the trial will proceed as scheduled on September 19, 2017 at 9:00 a.m., but the Court will go dark on September 20, 21, 22 and 29.

*Trial Limits.* The Court has repeatedly warned the parties that the interests of justice require attention to how the trial progresses, the length of the trial, and the number of exhibits in this case. *See Geders v. United States*, 425 U.S. 80, 86–87 (1976) (stating that district judges must exert "substantial control over the proceedings" if "truth and fairness" are to be preserved in the federal system of criminal justice). Despite the suggestion of counsel for Defendant Mazzo, the Court has never considered the idea of imposing draconian limits or bringing its "wrath" down on the parties. Instead, the Court will partially adopt the suggestions of counsel for Defendant DeCinces regarding an efficient and just trial. (Dkt. No. 642.) Accordingly, the trial will last 6 weeks (or less) and the jury will be informed of that estimate at the outset. Further, the parties are ORDERED to produce a single joint exhibit list that includes only any previously admitted exhibits and 50 (or less) additional exhibits from each party. If the need for additional exhibits becomes apparent, the Court will review those issues as they arise. Factors to be considered in such review will include why the voluminous documents admitted in the previous trial, plus over 20% more, is not sufficient. Finally, to move the proceedings along, the Court will encourage appropriate objections under Federal Rule of Evidence 403, discourage sidebar conferences, and generally prohibit speaking objections.

                                                                         : 0

Initials of Deputy Clerk lmb