RICHARD MARMARO (Bar No. 091387)
richard.marmaro@skadden.com
MATTHEW E. SLOAN (Bar No. 165165)
matthew.sloan@skadden.com
KEVIN D. LLOYD (Bar No. 242863)
kevin.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Fax:         (213) 687-5600

CLIFFORD M. SLOAN (pro hac vice)
cliff.sloan@skadden.com
CAROLINE S. VAN ZILE (pro hac vice)
caroline.vanzile@skadden.com
BRENDAN B. GANTS (pro hac vice)
brendan.gants@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile:  (202) 393-5760

Attorneys for Defendant James V. Mazzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JAMES V. MAZZO,<br><br>            Defendant. | CASE NO. 8:12-cr-00269(B)-AG<br><br>**JAMES V. MAZZO'S MOTION TO SEVER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hon. Andrew J. Guilford<br>Hearing Date: September 11, 2017<br>Time:          1:30 p.m.<br>Courtroom:  10D |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on September 11, 2017, at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Andrew J. Guilford in Courtroom 10D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant James V. Mazzo will bring the following motion:

Defendant James V. Mazzo, by and through his attorneys, hereby moves for his retrial to be severed from that of Douglas V. DeCinces.

This motion is supported by the attached memorandum; the files and records in this case; and any evidence or argument presented at a hearing on this matter.

Dated: August 4, 2017

Respectfully submitted,
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Richard Marmaro
Clifford M. Sloan
Matthew E. Sloan
Kevin D. Lloyd
Caroline S. Van Zile
Brendan B. Gants

BY: /s/Richard Marmaro
Richard Marmaro

*Attorneys for James V. Mazzo*

## 1.0 Introduction

At a recent status conference, the government indicated that it likely will retry defendant James V. Mazzo jointly with co-defendant Douglas V. DeCinces. The government acknowledges that retrial of Mr. DeCinces "may not have any impact on [his] sentencing." (6/12/17 Hr'g Tr. at 15:24.) Instead, the government confessed to basing its decision to retry Mr. DeCinces in part on the basis of unspecified "evidentiary issues." (Id. at 14:20-22.) Apparently, the government hopes that including Mr. DeCinces in a retrial would allow it to introduce evidence admissible only against him and not against Mr. Mazzo, thereby aiding its effort to convict Mr. Mazzo. Such prejudicial manipulation of the rules of evidence is impermissible under Supreme Court and Ninth Circuit precedent. As a result, Mr. Mazzo is entitled to have his retrial severed from that of Mr. DeCinces – if the government ultimately decides to retry Mr. DeCinces at all.[1]

Severance is appropriate for multiple reasons. To begin with, Mr. Mazzo must be permitted to comment on Mr. DeCinces's failure to testify. Mr. DeCinces is the only witness who truly knows why he bought AMO stock, and the only one able to fully rebut testimony from the government's star witness, Joseph Donohue. If Mr. DeCinces chooses not to testify, as he did in the last trial, Mr. Mazzo should be permitted to note the absence of evidence regarding Mr. DeCinces's side of the story. Moreover, Mr. Mazzo is concerned that Mr. DeCinces's conviction may come into evidence at a joint trial, thereby causing Mr. Mazzo extreme prejudice. Finally, voluminous evidence admitted in the first trial bears no relation to Mr. Mazzo. That evidence was prejudicial, and the government should not be able to retry Mr.

---

[1] On July 28, 2017, in an email to the government, defense counsel for Mr. Mazzo respectfully requested, in order to avoid bringing unnecessary issues before this Court, that the government clarify whether the government plans to retry Mr. DeCinces. The government has indicated that it does not yet have a final decision.

DeCinces jointly with Mr. Mazzo solely for the purpose of eliciting otherwise inadmissible testimony. For those reasons, among others, Mr. Mazzo is entitled to severance.[2]

## 2.0 Argument

### 2.1 Legal Standard

Federal Rule of Criminal Procedure 14 provides for severance "when it is apparent that a joint trial would cause prejudice." United States v. Mayfield, 189 F.3d 895, 899 (9th Cir. 1999). The Rule states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). According to the Supreme Court, when defendants have been properly joined under Rule 8(b), a district court should grant severance under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Courts have held that severance is required in several discrete situations. **First**, a court must sever defendants' trials when the defendants are pursuing inconsistent defenses – including when one defendant would be disadvantaged by an inability to comment on his co-defendant's failure to testify. See United States v. De La Cruz Bellinger, 422 F.2d 723, 727 (9th Cir. 1970). **Second**, severance is warranted where there is a risk of unfair prejudice to a defendant based on the possible admission of a co-defendant's prior conviction. See United States v. Figueroa, 618 F.2d 934 (2d Cir. 1980). **Finally**, severance is warranted if prejudice would result "when evidence that

---

[2] Mr. Mazzo notes that all of these issues – the fact that Mr. DeCinces chose not to testify, Mr. DeCinces's conviction, and the volume of evidence offered that was inadmissible as to Mr. Mazzo – only became clear as the original trial progressed.

the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." <u>Zafiro</u>, 506 U.S. at 539.

### 2.2 Severance Is Warranted Because Mr. Mazzo Would Be Unfairly Prejudiced by the Inability to Comment on Mr. DeCinces' Silence

Precedent requires severance where a defendant in a joint trial would be "**denied the opportunity to comment on his co-defendant's silence**" and "**his defense probably would have benefited from commenting on a co-defendant's refusal to testify**." <u>De La Cruz Bellinger</u>, 422 F.2d at 727 (emphasis added); <u>see also</u> <u>De Luna v. United States</u>, 308 F.2d 140 (5th Cir. 1962). In general, a defendant may not "comment on [his co-defendant's] refusal to testify" during a joint trial. <u>De La Cruz Bellinger</u>, 422 F.2d at 726. "Such a comment, whether by the court, by counsel for the United States, or by counsel for a co-defendant, would impose a penalty on [the co-defendant's] right to remain silent and thereby impair its free exercise." <u>Id.</u> However, the inability to comment on a co-defendant's silence may be prejudicial, since it **deprives the defendant of** "**the right to present all evidence, by inference or otherwise, in his favor**." <u>Id.</u> (emphasis added); <u>see generally</u> <u>United States v. Slatten</u>, No. 15-3078, slip op. at 68-69 (D.C. Cir. Aug. 4, 2017) (holding that trials should have been severed in part out of "deference to [the co-defendant's] Fifth Amendment rights") (alteration in original).

That is the case here. At retrial, a key question for the jury will be: Why did Mr. DeCinces trade? Mr. Mazzo cannot answer that question. Only Mr. DeCinces can. But as long as Mr. Mazzo's trial remains joined with Mr. DeCinces, Mr. Mazzo cannot comment on the fact that the jury has been deprived of evidence from a key witness in the case (<u>i.e.</u>, Mr. DeCinces) because it would improperly infringe on Mr. DeCinces's constitutional right to remain silent under the Fifth Amendment. In addition, only Mr. DeCinces can directly rebut the testimony of the government's key witness, Mr. Donohue. After all, there were only two parties to the conversation at Mr. Donohue's physical therapy office: Mr. Donohue and Mr. DeCinces. If Mr. DeCinces

1  declines to testify, the jury will never hear the other side of this important story.  Mr.
2  Mazzo should be able to highlight that fact.  The inability to make any argument
3  regarding the absence of testimony from Mr. DeCinces would seriously prejudice Mr.
4  Mazzo.  As a result, <u>De La Cruz Bellinger</u> requires severance.

### 2.3 Severance Is Warranted Due to the Likelihood of Prejudicial Inferences of Guilt by Association

Severance is also warranted when the **risk of mere association with another party unfairly prejudices the defendant**.  <u>See, e.g.</u>, 5 Wayne R. LaFave et al., <u>Criminal Procedure</u> § 17.2(e) (4th ed. 2016).  For example, the admission of prior convictions or other "bad acts" undertaken by a co-defendant can create an unfair inference against the defendant.  <u>See, e.g.</u>, <u>Figueroa</u>, 618 F.2d at 944.  In <u>Figueroa</u>, the court found that evidence of a prior drug-related conviction erroneously admitted against one defendant prejudiced his co-defendants because the risk of guilt-by-association was high – despite the fact that no one suggested the other defendants were involved in their co-defendant's past drug offense.  <u>Id.</u>

Here, Mr. DeCinces has already been convicted of tender offer fraud regarding **the very same trades** alleged in the indictment against Mr. Mazzo.  If that evidence is admitted, it will undeniably prejudice the jury against Mr. Mazzo.  As the Second Circuit has observed, there is a "high risk of prejudice to co-defendants when evidence of a defendant's prior act, like a Bruton confession, tends to prove directly, or even by strong implication, that the co-defendants also participated in the prior act."  <u>Id.</u> at 946.  The Ninth Circuit agrees: "There is real danger that jurors will give undue emphasis to a crime-partner's guilty plea" or conviction.  <u>United States v. Binger</u>, 469 F.2d 275, 276 (9th Cir. 1972).  That danger "impinges on a defendant's right to be tried solely on the evidence."  <u>Id.</u>  The likely inference of guilt by association is highly prejudicial here, is not probative of Mr. Mazzo's conduct, and its admission could not be cured by a mere limiting instruction.  <u>See</u> <u>Figueroa</u>, 618 F.2d at 946 ("[L]imiting instructions cannot be regarded as a guaranty against prejudice").  As a result, Mr. Mazzo

1 respectfully requests that either (i) his retrial be severed from Mr. DeCinces's or (ii) Mr. DeCinces's conviction under no circumstances be admitted as evidence.

### 2.4 Severance Is Warranted Due to the Likelihood of Confusion of Evidence

Severance is also appropriate when evidence admissible against only one co-defendant would cause unfair prejudice to the other defendant. The Supreme Court has held that severance is warranted under Rule 14 when there is "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. As the Ninth Circuit has stated, "the Zafiro Court held that a jury may be prevented from making a reliable judgment 'when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.'" Mayfield, 189 F.3d at 904 (quoting Zafiro, 506 U.S. at 539).

In Mayfield, for example, severance was warranted because at least two pieces of evidence admissible against one co-defendant were not admissible against Mayfield and were highly prejudicial. That evidence included both the co-defendant's confession, which implicated Mayfield without an opportunity for cross-examination, and testimony from a police officer. The officer testified "that (1) according to a 'reliable' informant, Mayfield was at the [scene] when a drug delivery arrived; (2) Mayfield was listed as a 'primary suspect' on the search warrant . . . ; and (3) the police officer who obtained the warrant knew Mayfield from previous encounters." Id. at 901. The Ninth Circuit held that curative instructions from the trial court did not suffice to prevent prejudice.

Similarly, in Mr. Mazzo's original joint trial, significant information came into evidence that was relevant and admissible as to Mr. DeCinces but not as to Mr. Mazzo. The government appears to acknowledge as much and has confessed to basing its decision to retry Mr. DeCinces in part on "evidentiary issues." (6/12/17 Hr'g Tr. at 14:20-22.) Indeed, the government admits that retrial of Mr. DeCinces "may not have

any impact on [his] sentencing." (Id. at 15:24.) That is, even if Mr. DeCinces were convicted of additional counts, it would not alter the calculus in sentencing or affect his punishment – meaning that the government stands to gain nothing in the retrial as to Mr. DeCinces. Apparently, the government is considering putting Mr. DeCinces through a second trial largely based on its desire to increase its chances of convicting Mr. Mazzo by introducing evidence that is, at least arguably, admissible against Mr. DeCinces, but that would not ordinarily be admissible solely against Mr. Mazzo. It is hard to imagine a clearer case of prejudice caused by joinder.

Beyond the government's own acknowledgement, it is clear that much of the evidence admitted at the original trial could not be admitted against Mr. Mazzo alone. For example, the prosecution introduced several emails written by Mr. DeCinces that qualified as statements of a party opponent, but that could not possibly have been admitted as "co-conspirator" statements against Mr. Mazzo. (See, e.g., TX 65 at 1-11; TX 74.)

Perhaps the strongest example of prejudice to Mr. Mazzo lies in the dozens of hearsay statements from Mr. DeCinces's friends and family that were offered during the course of trial. Many of those statements, such as F. Scott Jackson's statements to his broker Kim Hackett, or Mr. Donohue's statements to his broker Marco Fragnito, have nothing to do with Mr. Mazzo. To be admissible against Mr. Mazzo, each and every statement individually would have to qualify as being made "in furtherance of" a conspiracy agreed to by Mr. Mazzo. See United States v. Perez, 658 F.2d 654, 658 (9th Cir. 1981). But in the original trial, the Court did not make individualized determinations as to each statement, because the statements were determined to be admissible against Mr. DeCinces. Hence, the most Mr. Mazzo could hope for was a limiting instruction.

Because of the sheer volume of these statements, the Court indicated that it was unable to craft an instruction that would, to its satisfaction, separate the admissible

1  from the inadmissible.  (See, e.g., 4/25/17 Tr. at 8:4-8 ("I also note that in a two-
2  month trial there is so much information coming in.  It diminishes the importance of
3  any particular information and makes it difficult, I think, for the jury to sort out what
4  might be what."); id. at 16:21-17:3 ("Is it really practical for me to try and break that
5  out and maybe apply an argument you have on the likelihood of third-party tippees,
6  one of which may not have been known to Mr. Mazzo beyond a handshake? Or maybe
7  it was more than a handshake on that one, so therefore it's not as likely that there
8  would be remote tippees? It just gets very difficult. . . . How do I sort this all out?); id.
9  at 18:5-8 (highlighting the difficulty of "the voluminous evidence and seeking to draw
10 serpentine lines among different testimony based on slight variations in the
11 reasonableness of determining, for example – just one example – the likelihood of
12 distant third-party tippee").)  If Mr. Mazzo were tried on his own, it would obviate this
13 problem: If a statement were inadmissible as to him, it would not be admitted, thereby
14 eliminating the prejudice as well as the need for an omnibus instruction.  In addition,
15 many of these statements should have been excluded under Rule 403 as to Mr. Mazzo
16 because, at a point, they became both cumulative and more prejudicial than they were
17 probative of what Mr. Mazzo did or did not say to Mr. DeCinces.

   The end result of all of this accumulated, inadmissible evidence was undeniable
19 prejudice to Mr. Mazzo.  As such, he is also entitled to severance on this separate
20 ground.  See Mayfield, 189 F.3d at 904.

## CONCLUSION

For the foregoing reasons, Mr. Mazzo respectfully requests that the Court sever his retrial from that of Mr. DeCinces.

Dated: August 4, 2017

Respectfully submitted,
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Richard Marmaro
Clifford M. Sloan
Matthew E. Sloan
Kevin D. Lloyd
Caroline S. Van Zile
Brendan B. Gants

BY: /s/Richard Marmaro
Richard Marmaro

*Attorneys for James V. Mazzo*