RICHARD MARMARO (Bar No. 091387)
richard.marmaro@skadden.com
MATTHEW E. SLOAN (Bar No. 165165)
matthew.sloan@skadden.com
KEVIN D. LLOYD (Bar No. 242863)
kevin.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

CLIFFORD M. SLOAN (pro hac vice)
cliff.sloan@skadden.com
CAROLINE S. VAN ZILE (pro hac vice)
caroline.vanzile@skadden.com
BRENDAN B. GANTS (pro hac vice)
brendan.gants@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  (202) 371-7000
Facsimile:   (202) 393-5760

Attorneys for Defendant James V. Mazzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>JAMES V. MAZZO,<br><br>   Defendant. | CASE NO. 8:12-cr-00269(D)-AG<br><br>**REPLY IN SUPPORT OF JAMES V. MAZZO'S MOTION TO DISMISS COUNTS 1 TO 16 AS TIME BARRED (Dkt. 761)**<br><br>Hon. Andrew J. Guilford<br>Hearing Date: December 4, 2017<br>Time:   1:30 p.m.<br>Courtroom: 10D |

## 1.0 Introduction

The government's new indictments substantially amend the insider-trading charges against Mr. Mazzo. The case law is clear that the relation-back doctrine is irreconcilable with permitting the government to proceed—as it seeks to do here—on an indictment that relies on new factual allegations, raised for the first time after the statute of limitations has run, about newly-alleged criminal acts by the defendant.

Accordingly, Mr. Mazzo moved to dismiss the substantially-amended insider trading charges—Counts 1 to 16 in both the Third Superseding Indictment ("TSI"), returned on September 6, 2017, and the Fourth Superseding Indictment ("FSI"), returned on November 8, 2017. The insider-trading charges in the TSI (and FSI) rely on new and different factual allegations from those in the SSI. Counts 1 to 6 and 9 to 14 in the TSI and FSI are based entirely on an alleged disclosure by Mr. Mazzo during an alleged personal contact between December 12 and December 14, 2008 that was nowhere mentioned in the previous indictment. Counts 7, 8, 15, and 16 in the TSI and FSI, meanwhile, are based on a new and different theory regarding an alleged contact on January 4, 2009. Because the insider-trading charges substantially change the allegations in the previous indictment, they do not relate back and are time-barred.

In response, the government (1) attempts to downplay the differences between the indictments; (2) attempts to rely on a line of out-of-Circuit case law allowing the government to add overt acts to prior indictments charging conspiracy offenses; (3) attempts to rely on a handful of cases allowing the government to add certain details in superseding indictments; and (4) argues that Mr. Mazzo is not prejudiced because the government merely dropped certain allegations. The government's arguments fall short legally and factually, and do not salvage the time-barred counts. Notably, moreover, the government identifies no authority holding that a superseding indictment relates back under circumstances like those presented here.

## 2.0 The Insider-Trading Counts Against Mr. Mazzo in the New Superseding Indictments Must be Dismissed as Time Barred Because the New Superseding Indictments Substantially Amend the Charges.

The government offers four arguments about why its new indictments are timely, but none of the arguments justifies relation-back.

### 2.1 Contrary to the Government's Claims, the Allegations in the New Indictments are Substantially Different From the Previous Indictment.

The government attempts to downplay the differences between the SSI, on the one hand, and the TSI and FSI on the other hand. The government contends that the insider-trading charges in the new indictments are not significantly different because they involve the same alleged tipper and tippee, the same material nonpublic information "regarding the Abbott deal in January 2009," and "the same executions/trades by DeCinces." (Dkt. 773, at 5.) But as Mr. Mazzo explained in his Motion, it is well-established that such formal similarities do not, in and of themselves, establish that a superseding indictment relates back for statute of limitations purposes. (Dkt. 761, at 2-5.) To determine whether a superseding indictment relates back, a court must "examine the two indictments carefully," United States v. Sears, Roebuck & Co., 785 F.2d 777, 779 (9th Cir. 1986), focusing especially on the key factual allegations and the evidence upon which those allegations rely. In particular, the indictments' "allegations regarding defendants' activities, i.e., what defendants actually said or did (or did not say or do)," are at the heart of the required inquiry, because "[s]tatutes of limitations are particularly concerned with acts, not facts generally." United States v. Reliant Energy Servs., Inc., 420 F. Supp. 2d 1043, 1052 (N.D. Cal. 2006).

In Mr. Mazzo's case, of course, the only crime alleged in the insider-trading Counts is that he disclosed inside information regarding the Abbott deal to Mr. DeCinces. Naturally, the "factual allegations that are the nucleus of this

prosecution" against him (and thus at the heart of the relation-back inquiry), id. at 1050, are those concerning his contacts with Mr. DeCinces prior to Mr. DeCinces's trades, which in this case are "the factual allegations that the government relies on to show a violation of the statute," United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir. 1990). In its description of the facts relevant to Mr. Mazzo's Motion, the government claims that it has merely "sharpened" these allegations in the TSI and FSI (Dkt. 773, at 2), but a comparison of the cornerstone paragraphs in the indictments reveals that the government has in fact substantially changed the relevant allegations:

| SSI: Alleged Mazzo/DeCinces Personal Contacts Related To the AMO/Abbott Transaction (¶ 9) | TSI/FSI: Alleged Mazzo/DeCinces Personal Contacts Related To The AMO/Abbott Transaction (¶ 6) |
|---|---|
| Oct. 23, 2008 email exchange | |
| Nov. 2, 2008 phone calls | |
| Nov. 24, 2008 hockey game | |
| Nov. 30, 2008 phone calls | |
| Dec. 6, 2008 Hoag Hospital benefit event | |
| | Dec. 12-14, 2008 in-person conversation at Mr. Mazzo's house |
| Dec. 16, 2008 phone call | |
| Dec. 31, 2008 golf at country club | |
| Jan. 1, 2009 phone calls | |
| Jan. 3, 2009 phone call | |
| Jan. 4, 2009 dinner at country club | Jan. 4, 2009 in-person conversation *after* dinner at country club |

The government also attempts to salvage the significantly-changed indictment by invoking the SSI's use of "the catchall '[o]n some or all of the following dates, as well as others.'" (Dkt. 773, at 2 (quoting SSI).) But the use of such generic

3
REPLY IN SUPPORT OF JAMES V. MAZZO'S MOTION TO DISMISS COUNTS 1 TO 16 OF THE THIRD
SUPERSEDING INDICTMENT AS TIME BARRED
No. 8:12-CR-00269(D)-AG

"catchall" language in an indictment does not enable a subsequent indictment to relate back when, as here, the government fundamentally changes crucial specific "allegations regarding defendants' activities." Reliant Energy, 420 F. Supp. 2d at 1052; see also United States v. Rounsavall, 905 F. Supp. 662, 665 (D. Neb. 1995) (dismissing a later, more specific superseding indictment which did not relate back, partly on the basis that the government "draft[ed] an unspecific indictment to gain a tactical advantage"). The government cites no authority supporting its proposed catchall-as-a-protection rule, which, if adopted, would eviscerate the notice-based principles underlying statutes of limitations and the relation-back doctrine.[1]

### 2.2 The Government Has Not Charged A Conspiracy.

With regard to the completely new December 12-14 personal contact, which is alleged for the first time in the TSI, the government attempts to rely on an out-of-Circuit line of cases allowing the government to add, in a superseding indictment, an overt act in furtherance of a previously charged conspiracy. (Dkt. 773, at 5.) Even if the Ninth Circuit had adopted this doctrine, however – and it has not[2] – the doctrine

---

[1] Furthermore, even if the relation-back doctrine could be detached from these bedrock principles and reduced to a matter of semantic parsing as the government seems to suggest here, it is not at all clear that the SSI's "catchall" language even encompasses the new alleged personal contact on December 12-14. (See SSI ¶ 9 ("On some or all of **the following dates, as well as others**, [Mr.] DECINCES and [Mr.] MAZZO had **the following personal contacts,** *during some or all of which* [Mr.] MAZZO . . . provided Inside Information to defendant DECINCES . . . .") (emphases added).) Granting, *arguendo*, the government's technical reading of this language as encompassing *dates* not mentioned in what follows, it still does not encompass *personal contacts* not mentioned in what follows – the scope of the language covers only those alleged Mazzo-to-DeCinces disclosures "during some or all of" "the following personal contacts" specifically mentioned. The new personal contact alleged on December 12-14, 2008 is nowhere mentioned in the SSI.

[2] The government's attempt to rely on United States v. Clawson, 104 F.3d 250 (9th Cir. 1996) is premised on a misreading of that decision. Clawson concerns the proper interpretation of 18 U.S.C. § 3288 (which generally permits the filing of a new indictment within six months after an indictment is dismissed for reasons other than failure to file within the statute of limitations). The district court in that case had dismissed a conspiracy count "for failing to allege that one of the elements of the crime (an overt act) took place within the statute of limitations," but allowed a

*(cont'd)*

would be plainly inapplicable here because this case involves no charged conspiracy. The government's Opposition fails to recognize that the insider-trading Counts against Mr. Mazzo are not conspiracy charges (alleging an unlawful agreement during a specified time period along with overt acts) but rather *substantive* fraud charges, a fact which distinguishes this case from every decision the government cites in support of its overt-acts argument.[3] Unlike the charges against the defendants in those cases, the alleged crime Mr. Mazzo is charged with committing inheres, not in any unlawful agreement with a co-defendant, but rather in the alleged act of disclosing material nonpublic information.[4] Since the purported December 12-14 personal contact is not an overt act but rather a "factual allegation[] that [is now] the nucleus of this prosecution," the fact that it is a completely new "allegation[]

---

(cont'd from previous page)
superseding indictment which added such an overt act. Id. at 252. The Ninth Circuit affirmed on the basis that the addition of the overt act cured the legal defect in the indictment, and § 3288 was "designed to apply in this situation." Id. The decision in Clawson did not involve the "broaden or substantially amend" standard, and is inapposite here.

[3] See Clawson, 104 F.3d at 250 (defendant charged with conspiracy under 18 U.S.C. § 371); United States v. Lash, 937 F.2d 1077 (6th Cir. 1991) (same); United States v. O'Bryant, 998 F.2d 21 (1st Cir. 1993) (defendant charged with conspiracy under 18 U.S.C. § 1511).

[4] For purposes of certain *evidentiary* and vicarious-liability rules, the Ninth Circuit has recognized a limited analogy between conspiracy, on the one hand, and schemes to commit mail or wire fraud on the other. See United States v. Lothian, 976 F.2d 1257, 1262-63 (9th Cir. 1992). But the Ninth Circuit also has made very clear that this limited analogy cannot and does not blur the distinction between these categories of offenses for purposes of what the government must prove to convict. See id. at 1264 (overturning substantive fraud convictions for insufficient evidence and rejecting a government argument that "misapprehends the distinction between conspiracy and fraud," which is that "[c]onspiracy punishes a defendant for the mere fact of his agreement to an unlawful objective"); see also United States v. Read, 658 F.2d 1225, 1240 (7th Cir. 1981) ("The predicate for liability for conspiracy is an agreement, and a defendant is punished for his membership in that agreement. Mail and securities fraud, on the other hand, punish the act of using the mails or the securities exchanges to further a scheme to defraud. No agreement is necessary."). Given the notice-based concerns underlying the relation-back doctrine, it is unsurprising that no court appears to have applied the overt-acts case law in that context to a substantive fraud charge.

regarding defendants' activities, i.e., what defendants actually said or did," <u>Reliant Energy</u>, 420 F. Supp. 2d at 1052, made for the first time nearly nine years after the alleged event, is fatal to Counts 1 to 6 and Counts 9 to 14, which all rest entirely on the new December 12-14 allegation.

### 2.3 The Government's New Allegation Regarding the January 4 Conversation is Substantially Different From the Previous Indictment.

With regard to the new allegations regarding the January 4 personal contact, the government argues that it has merely supplemented "prior alleged events" with "additional details." (Dkt. 773, at 5.) But the government may only add "additional details" without substantially amending the indictment if the changes made in the superseding indictment are "**trivial or innocuous.**" <u>United States v. Ben Zvi</u>, 168 F.3d 49, 54 (2d Cir. 1999) (emphasis added). This principle is illustrated by the cases the government cites. <u>See, e.g.</u>, <u>Sears</u>, 785 F.2d at 779 (addition to conspiracy charge of a single parenthetical reference to dumping duties did not substantially amend the indictment); <u>United States v. Yielding</u>, 657 F.3d 688, 704 (8th Cir. 2011) (where original indictment charged defendant with aiding and abetting eighteen specific payments to induce co-defendant to order "allograft bone from Osteotech," court saw "no reason to conclude that the removal of the word 'allograft' [in the superseding indictment] was anything more than a trivial alteration of the indictment"). Here, in stark contrast to those cases involving trivial details, the government has fundamentally changed its allegation – from a celebratory dinner conversation to a **post-dinner** discussion when Mr. Mazzo allegedly "approached" Mr. DeCinces. (The new indictment also relates the supposed substance of that post-dinner discussion.) These are not "trivial and innocuous" details, and they do not

save the four Counts that occur after that purported January 4 conversation (Counts 7, 8, 15, and 16).[5]

### 2.4 The Government Has Done More Than Narrow the Allegations.

Finally, the government argues that Mr. Mazzo is not prejudiced by the fact that the TSI/FSI drops various allegations against him. (Dkt. 773, at 6.) It is true that, if the new indictments had done no more than drop certain allegations and charges against Mr. Mazzo, the remaining charges would not be time-barred. In that circumstance, this case would be like Reliant Energy, where the superseding indictment merely "omitted, rather than added or changed, [alleged] facts," and in particular "d[id] not allege anything new or different in terms of what defendants said or did." Reliant Energy, 420 F. Supp. 2d at 1052. But as Mr. Mazzo explained in his Motion, "this case is virtually the reverse of Reliant Energy" precisely because the TSI and the FSI have added and changed, not only factual allegations, but specifically the core factual allegations at the nucleus of the government's prosecution of Mr. Mazzo. (Dkt. 761, at 8.)

Because the new and different core factual allegations in the TSI and FSI substantially amend the insider-trading charges against Mr. Mazzo, settled principles of relation-back and statutes of limitations require dismissal of those charges.

---

[5] These Counts also are time-barred because they, too, are based in part on the entirely new December 12-14, 2008 conversation, which, as discussed above, is a substantial amendment. Nothing in the Indictment limits the basis of Counts 7, 8, 15, and 16 to the alleged January 4, 2009 conversation, and, in fact, Counts 15 and 16 explicitly incorporate the December 12-14, 2008 conversation. (See FSI ¶ 16 (incorporating, among other paragraphs, ¶ 6(a), which sets forth the December 12-14 allegations).)

7

REPLY IN SUPPORT OF JAMES V. MAZZO'S MOTION TO DISMISS COUNTS 1 TO 16 OF THE THIRD SUPERSEDING INDICTMENT AS TIME BARRED
No. 8:12-CR-00269(D)-AG

**3.0  Conclusion**

For the foregoing reasons, Mr. Mazzo respectfully requests that the Court dismiss Counts 1 to 16 as time-barred.

DATED: November 20, 2017

Respectfully submitted,
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Richard Marmaro
Clifford M. Sloan
Matthew E. Sloan
Kevin D. Lloyd
Caroline S. Van Zile
Brendan B. Gants

By:  /s/Richard Marmaro
       Richard Marmaro

*Attorneys for James V. Mazzo*