RICHARD MARMARO (Bar No. 091387)
richard.marmaro@skadden.com
MATTHEW E. SLOAN (Bar No. 165165)
matthew.sloan@skadden.com
KEVIN D. LLOYD (Bar No. 242863)
kevin.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

CLIFFORD M. SLOAN (pro hac vice)
cliff.sloan@skadden.com
MICHAEL A. MCINTOSH (pro hac vice)
michael.mcintosh@skadden.com
BRENDAN B. GANTS (pro hac vice)
brendan.gants@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:   (202) 371-7000
Facsimile:   (202) 393-5760

Attorneys for Defendant James V. Mazzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>JAMES V. MAZZO,<br><br>            Defendant. | CASE NO. 8:12-cr-00269(D)-AG<br><br>**JAMES V. MAZZO'S RESPONSE TO GOVERNMENT'S TRIAL MEMORANDUM RE: ADMISSIONS BY A PARTY-OPPONENT IN RETRIAL**<br><br>Hon. Andrew J. Guilford<br>Courtroom:   10D<br>Trial Date:   January 9, 2018 |

Defendant James V. Mazzo, by and through his attorneys, hereby submits this Response to the Government's Trial Memorandum Re: Admissions By a Party-Opponent in Retrial (Dkt. 855).

Dated: January 9, 2018

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Richard Marmaro
Clifford M. Sloan
Matthew E. Sloan
Kevin D. Lloyd
Michael A. McIntosh
Brendan B. Gants

By:    /s/Richard Marmaro
           Richard Marmaro

*Attorneys for James V. Mazzo*

---

JAMES V. MAZZO'S RESPONSE TO GOVERNMENT'S TRIAL MEMORANDUM RE: ADMISSIONS BY A PARTY-OPPONENT IN RETRIAL
No. 8:12-CR-00269(D)-AG

## 1.0 Introduction

In its Trial Memorandum Re: Admissions By a Party-Opponent in Retrial (Dkt. 855), the government argues that "various documents and transcripts from prior proceedings in this and other cases" are not admissible as statements of a party-opponent under Federal Rule of Evidence 801(d)(2). (Dkt. 855, at 1.)

As a threshold matter, Mr. Mazzo respectfully submits that evidentiary determinations regarding statements from a party-opponent—including analysis under Federal Rule of Evidence 403—are best made when the evidence actually is offered at trial. See, e.g., Cantu v. United States, No. CV 14-00219-MMM (JCGx), 2015 WL 12743881, at *2 (C.D. Cal. Apr. 6, 2015) (referring to the general rule that evidentiary rulings should be deferred until trial so that questions "may be resolved in proper context" (citations omitted)); Universal Elecs., Inc. v. Universal Remote Control, Inc., No. SACV 12-00329 AG (JPRx), 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (Guilford, J.) (denying pretrial motion to exclude evidence based on Rule 403 and noting that determinations under Rule 403 "will be better made in the context of trial").

For now, Mr. Mazzo makes two points in response to the government's submission. **First**, documents and transcripts from prior proceedings may be admissible on grounds wholly independent of Rule 801(d)(2), a point that the government's trial memorandum ignores. **Second**, even as to party-opponent statements, the government's crabbed view of admissibility is inconsistent with binding Ninth Circuit precedent.

## 2.0 Argument

### 2.1 Evidence From Prior Proceedings Is Admissible On Grounds Separate From Rule 801(d)(2).

Limiting its memorandum to admissions of a party-opponent under Rule 801(d)(2), the government fails to address any other bases for the admissibility of documents and transcripts from prior proceedings. Among other grounds, however, a

party can offer evidence from prior proceedings to establish **bias**, as **prior inconsistent statements**, or as **evidence of the government's sloppy investigation**. See, e.g., United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); Davis v. Alaska, 415 U.S. 308, 316–17 (1974) ("[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."); United States v. Adamson, 291 F.3d 606, 612 (9th Cir. 2002) ("When exploring the credibility of a government witness who testifies against a criminal defendant at trial, it is axiomatic that the defendant may employ the witness's prior inconsistent statements in order to impeach the credibility of the witness."); United States v. Bao, 189 F.3d 860, 865–66 (9th Cir. 1999) ("A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness." (quoting United States v. Monroe, 943 F.2d 1007, 1012 (9th Cir. 1991)); United States v. Sager, 227 F.3d 1138, 1145 (9th Cir. 2000) (explaining that "[d]etails of the investigatory process," including the "quality of the investigation," are admissible); United States v. Howell, 231 F.3d 615, 625 (9th Cir. 2000) (concluding that evidence "raises the opportunity to attack the thoroughness, and even good faith, of the investigation").

Regardless whether the government's memorandum includes an accurate description of the law—which it does not—grounds apart from Rule 801(d)(2) permit the introduction of evidence from prior proceedings.

### 2.2 The Government's Prior Statements Are Admissible As Statements Of A Party-Opponent.

The government's crabbed view of the admissibility of party-opponent statements also is incorrect and in many respects inconsistent with Ninth Circuit precedent. The government relies primarily on out-of-circuit case law for its analysis;

yet **among the Courts of Appeals, the Ninth Circuit is "the flag bearer" in permitting use of prior government statements as statements of a party-opponent.** See Michael H. Graham, 6 Handbook of Federal Evidence § 801:23 (8th ed. 2017). The government's arguments are inconsistent with the Ninth Circuit's interpretation of Rule 801(d)(2), and in some respects are flatly contrary to binding precedent.

Rule 801(d)(2) provides that statements by an opposing party are admissible nonhearsay, including statements "the party manifested that it adopted or believed to be true," Fed. R. Evid. 801(d)(2)(B); statements "made by a person whom the party authorized to make a statement on the subject," Fed. R. Evid. 801(d)(2)(C); and statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed," Fed. R. Evid. 801(d)(2)(D).

As courts in the Ninth Circuit and elsewhere have found, and the government apparently does not dispute, prior statements by prosecutors are admissible against the government under Rule 801(d)(2). See, e.g., United States v. Bakshinian, 65 F. Supp. 2d 1104, 1109 (C.D. Cal. 1999) (the admissibility of "prior statements by government prosecutors . . . is not determined by a standard more demanding than any other statement offered under the party-opponent rule"); United States v. Kattar, 840 F.2d 118, 130 (1st Cir. 1988) ("Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, the Justice Department certainly should be considered such." (citations omitted)); United States v. Ganadonegro, 854 F. Supp. 2d 1088, 1122 (D. N.M. 2012) ("the prosecutor's statements from its prior closing argument qualify as admissions by a party opponent" in a retrial).

The government argues, however, that the admissibility of prior government statements under Rule 801(d)(2) is limited to certain narrow categories. The government is incorrect. For example, the government claims that Rules 801(d)(2)(C) and (D) "are applicable only to statements by attorneys for the Department of Justice

in criminal cases." (Dkt. 855, at 4.) There is **no authority** for this assertion, which is **directly contrary to binding Ninth Circuit case law**.

As an initial matter, there is no authority for the government's incorrect claim that only statements of "attorneys"—and not other Department of Justice employees—may be admitted. Even the cases the government cites for this proposition do not support any such distinction. (See id.)

Furthermore, **in cases where the government is a party, including criminal prosecutions, the Ninth Circuit has held repeatedly that statements by government agents and employees**—whether attorneys or not, in the Department of Justice or not—**are admissible under Rule 801(d)(2)(D).** For example, in United States v. Van Griffin, 874 F.2d 634 (9th Cir. 1989), where the defendant was convicted of driving under the influence of alcohol on federal land, the Ninth Circuit held that a U.S. Department of Transportation Manual regarding field sobriety testing was admissible under Rule 801(d)(2)(D). Id. at 638. The court reasoned that, because the Department of Transportation was "the relevant and competent section of the government" concerning the necessary procedures for reliable field sobriety testing, "the manual should have been admitted." Id.; see also, e.g., Michael H. Graham, 6 Handbook of Federal Evidence § 801:23 (8th ed. 2017) (observing that Ninth Circuit case law allows the admission of "statements by government agents who are not involved with the litigation to be admitted in a criminal proceeding"). Similarly, in a civil case, the Ninth Circuit held that an investigative report prepared by a state Attorney General's office for one of the state defendants was admissible under Rule 801(d)(2)(D), and observed that the rule "does not require a showing that the statement is within the scope of the declarant's agency," only that it "related to a matter within the scope of the agency." Hoptowit v. Ray, 682 F.2d 1237, 1262 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); accord United States v. Barile, 286 F.3d 749, 758 (4th Cir. 2002) (government

4

JAMES V. MAZZO'S RESPONSE TO GOVERNMENT'S TRIAL MEMORANDUM RE: ADMISSIONS BY A PARTY-OPPONENT IN RETRIAL
No. 8:12-CR-00269(D)-AG

employee's prior statements regarding certain testing were made "in her capacity as a government official on matters within the scope of her employment, and as such, the statements are of a party opponent"); <u>United States v. Reed</u>, 167 F.3d 984, 989 (6th Cir. 1999) (paid informants' statements are party-opponent statements admissible against the government).

The government's reliance on the First Circuit's decision in <u>United States v. Kattar</u> (Dkt. 855, at 4–5) also is plainly misplaced. First, the government asserts that <u>Kattar</u> expressed "doubt[]" about whether federal agencies or departments besides the Department of Justice may be considered a party-opponent in criminal cases. (<u>Id</u>. at 4.) In fact, however, the court (with then-Judge Breyer on the panel) merely left the question open and cited without comment a case that took a broader view. <u>Kattar</u>, 840 F.2d at 130 (citing <u>United States v. American Tel. & Tel.</u>, 498 F. Supp. 353, 356–58 (D.D.C. 1980)). Second, contrary to the government's contention that <u>Kattar</u> supports a restriction of party-opponent statements to "attorneys for the Department of Justice **<u>in criminal cases</u>**" (Dkt. 855, at 4 (emphasis added)), the First Circuit held that it was error, under Fed. R. Evid. 801(d)(2)(B), to exclude from evidence in a criminal case statements that the U.S. Department of Justice had made in filings in a prior, unrelated **<u>civil case</u>** that would have undercut the government's assertions. See <u>Kattar</u>, 840 F.2d at 126, 131. "The inconsistency of the government's positions . . . should have been made known to the jury." <u>Id.</u> at 131.

In sum, the government's prior statements are admissible as statements of a party-opponent.

## 3.0 Conclusion

For the foregoing reasons, Mr. Mazzo respectfully requests that the Court consider this authority when ruling on any objections to Mr. Mazzo's introduction of prior statements by the government.

Dated: January 9, 2018

    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Richard Marmaro
Clifford M. Sloan
Matthew E. Sloan
Kevin D. Lloyd
Michael A. McIntosh
Brendan B. Gants

BY: ____/s/Richard Marmaro____
       Richard Marmaro

*Attorneys for James V. Mazzo*